IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AL DEMETRIUS BREEDEN,           )
                                )
            Petitioner,          )
                                )   1:23CV617
       v.                        )   1:20CR151-1
                                )
UNITED STATES OF AMERICA,       )
                                )
            Respondent.          )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, submitted a Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 27) pursuant to 28 U.S.C. § 2255. This Motion cannot be further processed for the following reason:

1. The Motion is not on the proper § 2255 form.

Because of this pleading failure, this particular Motion will be dismissed, but without prejudice to Petitioner promptly filing a new motion properly following the 28 U.S.C. § 2255 forms and correcting the defect of the present Motion.[1] To further aid Petitioner, the Clerk is instructed to send Petitioner new § 2255 forms and instructions for filing a § 2255 motion, which Petitioner should follow.

There are two other matters of note. One is that Petitioner's claims are not entirely clear, but he appear to allege that his sentence is the product of an incorrect calculation under

---

[1] To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner.

the advisory United States Sentencing Guidelines. This type of claim is not cognizable on collateral review. United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015).

Second, Petitioner requests an appointment of counsel to assist him in pursuing his Motion. In considering this request, the Court notes first that there is no constitutional right to appointed counsel in a habeas case. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (holding that "the right to appointed counsel extends to the first appeal of right, and no further"); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013) ("[A] petitioner has no Sixth Amendment right to counsel in order to mount a collateral challenge to his conviction."); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995) (noting that "the Constitution does not require counsel for defendants who attack their judgments under 28 U.S.C. § 2255"). Under 28 U.S.C. § 2255 and 18 U.S.C. § 3006A, the Court, in its discretion, may appoint counsel if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Appointment of counsel is also required if discovery is otherwise authorized and counsel is needed for effective discovery or where an evidentiary hearing is to be held. See Rules 6(a) and 8(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts. Having reviewed Petitioner's request for counsel and the record in this matter, the Court does not find that appointment of counsel is required by the interests of justice or otherwise. Therefore, Petitioner's request for counsel will be denied. Should Petitioner file a proper Motion under § 2255 , he can make a separate Motion for counsel at that time.

-2-

Case 1:20-cr-00151-WO    Document 28    Filed 08/02/23    Page 2 of 3

IT IS THEREFORE ORDERED that Petitioner's request for counsel is denied and that the Clerk is instructed to send Petitioner § 2255 forms and instructions.

IT IS THEREFORE RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Petitioner promptly filing a corrected motion on the proper § 2255 forms.

This, the 2nd day of August, 2023.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**